IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CATARINO J. SANDOVAL, | § | |
| TDCJ #1496128, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-3063 |
| | § | |
| JOHN DOE, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## **MEMORANDUM AND ORDER**

State inmate Catarino Sandoval (TDCJ #1496128) has filed a complaint under 42 U.S.C. § 1983, alleging violations of his civil rights. He proceeds *pro se* and he has been granted leave to proceed *in forma pauperis*. In addition to his complaint, Sandoval has provided several other supplemental pleadings in support of his claims. [Docs. # 3, # 6, # 10]. After reviewing all of the pleadings as required by 28 U.S.C. § 1915A, the Court concludes that this case must be **dismissed** for reasons that follow.

### I.     BACKGROUND

Sandoval is presently in custody of the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ") at the Ferguson Unit in Midway, Texas. Sandoval sues several "John Doe" health care workers and correctional officers. According to the pleadings, Sandoval had knee surgery on or about August 15, 2009, at the Estelle Unit Regional Medical Facility in Huntsville, to repair a torn "A.C.L." (anterior cruciate ligament). Sandoval claims that, following his surgery, unidentified health care workers

failed to provide "medical instructions" for security staff to follow. As a result, Sandoval was not placed in a "handicap cell" with "[a]round the clock" supervision. Sandoval, who is now assigned to the Ferguson Unit, complains further he was not given adequate pain medication.

Sandoval contends that the unidentified defendants in this case have been deliberately indifferent to his medical needs. It is plain from the complaint, however, and from additional pleadings filed by the plaintiff, that Sandoval has not yet exhausted his administrative remedies. Thus, the Court concludes that the complaint must be dismissed for reasons discussed below.

## II.     EXHAUSTION OF REMEDIES

The complaint in this case concerns the conditions of plaintiff's confinement in TDCJ. Under the Prison Litigation Reform Act (the "PLRA"), an inmate is required to exhaust administrative remedies for all "action[s] . . . brought with respect to prison conditions" before filing a civil rights suit in federal court under 42 U.S.C. § 1983 or "any other Federal law." 42 U.S.C. § 1997e(a). The Supreme Court has repeatedly emphasized that § 1997e(a) mandates exhaustion of *all* administrative procedures before an inmate can file any suit challenging prison conditions. *See Booth v. Churner*, 532 U.S. 731, 739 (2001); *Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Woodford v. Ngo*, 548 U.S. 81, 126 S. Ct. 2378, 2382-83 (2006); *see also Jones v. Bock*, 549 U.S. 199, 211 (2007) (confirming that "[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court"). Consistent with Supreme Court precedent, the Fifth Circuit has also

mandated that a prisoner must exhaust his administrative remedies by complying with applicable grievance procedures before filing a federal civil rights lawsuit related to prison conditions. *See Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004).

TDCJ has a formal two-step administrative grievance process. *See Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998) (outlining the two-step procedure, which at Step 1 entails submitting an administrative grievance at the institutional level followed by a Step 2 appeal if the result is unfavorable). A Step 1 grievance, which is reviewed by officials at the inmate's assigned facility, must be filed within fifteen days of the alleged incident or challenged event. *See Johnson*, 385 F.3d at 515. Once an inmate receives a response to his Step 1 grievance, he then has up to ten days to file a Step 2 grievance to appeal an unfavorable result. *See id*. Step 2 grievances are reviewed at the state level. *See id*. A Texas prisoner must pursue a grievance through both steps to satisfy the exhaustion requirement. *See id*. (citing *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001)).

According to the complaint, Sandoval had knee surgery on or about August 15, 2009. Sandoval admitted in his complaint, which is dated September 16, 2009, that he did not complete both steps of the prison grievance process before filing suit. (Doc. # 1, Complaint, at ¶ III). In a recent supplemental pleading, Sandoval concedes further that his step 1 grievances remain pending and that officials have requested additional time to complete their investigation of his claims. (Doc. # 10, Exhibits). These pleadings show that Sandoval has not complied with 42 U.S.C. § 1997e(e) by completing both steps of the grievance procedure

3

at his unit and that he did not exhaust available administrative remedies before filing suit as required.  *See Johnson*, 385 F.3d at 515.

The Supreme Court has emphasized that the exhaustion requirement found in the PLRA, 42 U.S.C. § 1997e(a), mandates "proper exhaustion," *Woodford v. Ngo*, 548 U.S. 81, 93 (2006), which demands compliance with prison procedural rules.  As the Supreme Court has recognized, "Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." *Porter*, 534 U.S. at 524.  By requiring exhaustion of administrative remedies, Congress hoped that "corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation." *Id.* (citing *Booth*, 532 U.S. at 737).  In addition to filtering out potentially frivolous claims, Congress also believed that internal review would facilitate adjudication of cases ultimately brought to court by giving prison officials an opportunity to develop an administrative record that clarifies the contours of the controversy.  *Id.* (citations omitted).

As the Fifth Circuit has observed, "TDCJ has promulgated a detailed, complex, and carefully thought-out program to facilitate the filing of grievances and assure their prompt, dispassionate investigation." *Wright*, 260 F.3d at 358.  The importance of conducting a complete investigation is of particular importance in a case such as this one, where the plaintiff has not yet identified any of the defendants by name.  Because § 1997e(a) expressly requires exhaustion, prisoners may not deliberately bypass the administrative process by

flouting an institution's procedural rules. *See Woodford*, 548 U.S. at 96-98. By failing to complete the TDCJ grievance procedure in place at TDCJ, Sandoval has bypassed available administrative remedies. *See Carbe v. Lappin*, 492 F.3d 325, 238 (5th Cir. 2007). This violates the PLRA's exhaustion requirement found in § 1997e(a), which mandates exhaustion *before* filing suit. *See Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998) (affirming the dismissal even under circumstances that would seem "inefficient").

The Fifth Circuit has held that a district court "can dismiss a case prior to service on defendants for failure to state a claim, predicated on failure to exhaust, if the complaint itself makes clear that the prisoner failed to exhaust." *Carbe*, 492 F.3d at 328 (citing *Jones*, 127 S. Ct. at 920-91 (holding that courts can dismiss for failure to state a claim when the existence of an affirmative defense, like a statute of limitations bar, is apparent from the face of the complaint)). The complaint clearly shows that Sandoval has not completed the administrative process. [Doc. # 1, at ¶ III; Doc. # 10]. Because it is clear from the complaint that the plaintiff failed to exhaust available administrative remedies before filing suit in federal court, the Court will dismiss this case for failure to state a claim.

### III.   CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. The plaintiff's complaint is **DISMISSED** for failure to state a claim. The dismissal is without prejudice to refiling as a new civil action, if necessary, once the plaintiff completes the exhaustion process.

2. The plaintiff's motion for an extension of time [Doc. # 10] is **DENIED** as moot.

**The Clerk is directed to provide a copy of this order to the parties. The Clerk will also provide a copy of this order by regular mail, facsimile transmission, or e-mail to: (1) the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; and (2) the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three-Strikes List.**

SIGNED at Houston, Texas, on October 28th, 2009.

Nancy F. Atlas
United States District Judge